## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

RONNIE O. SLOAN,  
    Plaintiff,

vs

CENTRAL VICE CONTROL SECTION  
MID-LEVEL DRUG UNIT, et al.,  
    Defendants.

Case No. 1:12-cv-800

Weber, J.  
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, a pretrial detainee at the Hamilton County Justice Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 against defendants Central Vice Control Section Mid-Level Drug Unit; Lieutenant A. Frey; Sargent C. Conners, Police Specialist S. Batsch; J. Bolte; and Police Officers A. Brown, D. Dozier, M. Bode, C. Clarkson, M. Curfiss, D. Edwards, E. Schaible, J. Schrage, T. Weigand, B. Stratman and T. Wells.  (Doc. 1, Complaint p. 4).  By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."  *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).  To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.  *Id.*; *see* 28 U.S.C.

§§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.

Congress has also authorized the sua sponte dismissal of complaints which fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). Plaintiffs' complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Plaintiff's complaint alleges that the named defendants "conspired with a drug dealer

Rico" prior to unlawfully arresting plaintiff on November 23, 2011.  (*See* Doc. 1, Complaint p. 5). The complaint indicates that plaintiff's arrest occurred after heroin was transported from Chicago to Cincinnati.  *Id.*   Plaintiff appears to contend that defendants should have arrested Rico in Chicago, rather than arresting plaintiff after the heroin had been transported over state lines.  *See id.*  He alleges "conspiracy in unlawful[] detainment" and requests relief in the form of disciplinary action against the Central Vice Control Section Mid-level Drug Unit and for the Court to "award judg[]ment" to him.  *Id.* at 5-6.

Plaintiff's complaint must be stayed pending resolution of the state court criminal charges against plaintiff.

Absent extraordinary circumstances, federal courts should not interfere with pending state proceedings in order to entertain constitutional challenges to the state proceedings.  *Younger v. Harris,* 401 U.S. 37 (1971).  Under the *Younger* doctrine, the federal court must abstain where "[1] state proceedings are pending; [2] the state proceedings involve an important state interest; and [3] the state proceeding will afford the plaintiff an adequate opportunity to raise his constitutional claims."  *Kelm v. Hyatt,* 44 F.3d 415, 419 (6th Cir. 1995) (citing *Nilsson v. Ruppert, Bronson & Chicarelli Co.,* 888 F.2d 452, 454 (6th Cir. 1989)).  *See Ohio Civil Rights Commission v. Dayton Christian Schools, Inc.,* 477 U.S. 619 (1986) (applying the abstention defined in *Younger*, a criminal case, to civil proceedings and cases); *Moore v. Sims*, 442 U.S. 415 (1979) (same); *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982) (same). *See also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11 (1987); *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 603-05 (1975).  Extraordinary circumstances barring abstention include "great and immediate" irreparable injury, state law that is "flagrantly and patently violative of express constitutional prohibitions," or "bad faith, harassment, or any other unusual circumstance that

would call for equitable relief." *Younger,* 401 U.S. at 46, 53, 54. *See Fieger v. Thomas*, 74 F.3d 740, 750 (6th Cir. 1996).

All three factors supporting *Younger* abstention are present in this case. First, plaintiff's criminal cases are currently pending in the state courts.[1] Second, the criminal case implicates an important state interest as state criminal prosecutions have traditionally been considered an arena in which federal courts decline to interfere. *See Younger*, 401 U.S. at 43-45. Third, there is no indication that the state proceedings cannot provide an opportunity for plaintiff to raise his constitutional claims, if any. Regarding this factor, the federal court must presume that the state courts are able to protect the interests of a federal plaintiff. *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995) (citing *Pennzoil Co.*, 481 U.S. at 15). Therefore, abstention under *Younger* is appropriate.

Nor has plaintiff alleged facts showing the existence of extraordinary circumstances barring abstention. Plaintiff does not allege bad faith, harassment, flagrant unconstitutionality in the state proceedings, or any other unusual circumstances that would bar abstention in this matter. Thus, the complaint fails to establish the presence of extraordinary circumstances mitigating against the application of *Younger* abstention.

The Sixth Circuit has that held when a plaintiff is seeking damages and application of *Younger* abstention is proper, the district court should stay, not dismiss the complaint. *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075 (6th Cir. 1998). Thus, this Court must stay this action pending resolution of plaintiff's underlying criminal case in the state court.

Accordingly, plaintiff's complaint should be stayed pending resolution of the criminal charges against plaintiff.

---

[1] Found at www.courtclerk.org/case.asp under Case Nos. B1106877-B and B1107801.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's case be **STAYED** pending resolution of the criminal charges against plaintiff.

2. The Clerk of Court is **DIRECTED** to administratively close the case.[2] If plaintiff desires to continue with this case after disposition of the criminal charges against him, he must request that the stay be lifted within **thirty (30) days** of disposition of the criminal charges, unless an appeal is filed. If he appeals, any request to lift the stay must be filed within thirty days of completion of the appellate process.

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

    **IT IS SO RECOMMENDED.**

       *s/ Stephanie K. Bowman*
       Stephanie K. Bowman
       United States Magistrate Judge

---

[2] This action is for statistical purposes only and does not affect plaintiff's right to request that the stay be lifted as directed above.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

RONNIE O. SLOAN,  
    Plaintiff,

vs

CENTRAL VICE CONTROL SECTION  
MID-LEVEL DRUG UNIT, et al.,  
    Defendants.

Case No. 1:12-cv-800

Weber, J.  
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).