**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

RONNIE O. SLOAN,                                Case No. 1:12-cv-800
     Plaintiff,

                                     Weber, J.
     vs                                     Bowman, M.J.

CENTRAL VICE CONTROL                   **ORDER AND REPORT AND**
SECTION MID-LEVEL DRUG                 **RECOMMENDATION**
UNIT, et al.,
     Defendants.

Plaintiff has filed a pro se prisoner civil rights action for damages under 42 U.S.C. §

1983.  On January 24, 2013, this matter was stayed pending the resolution of the state criminal

charges against plaintiff.  (Doc. 9).  The Court advised plaintiff that if he wished to continue

with his case after the disposition of the criminal charges against him, he must request the stay

be lifted within thirty (30) days of the disposition of the charges.  *Id.*  Plaintiff has now filed a

motion to lift the stay, indicating that the criminal charges have been resolved.  (Doc. 13).

Plaintiff's motion to lift the stay  (Doc. 13) is hereby **GRANTED.**

Plaintiff has previously been granted leave to proceed *in forma pauperis* pursuant to 28

U.S.C. § 1915.  This matter is now before the Court for a *sua sponte* review of plaintiff's

amended complaint to determine whether the complaint, or any portion of it, should be

dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be

granted or seeks monetary relief from a defendant who is immune from such relief.  *See* Prison

Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant

whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an

economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."  *Denton*

*v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).

To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.  *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke,* 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible."  *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.  The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness.  *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted.  28 U.S.C. §§ 1915 (e)(2)(B)(ii).  A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).  By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

2

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff brings this § 1983 action against the Central Vice Control Section Mid-Level Drug Unit, Lieutenant A. Frey, Sergeant C. Conners, Police Specialist S. Batsch, and officers J. Bolte, A. Brown, D. Dozier, M. Bode, J. Schrange, C. Clarkson, M. Curfiss, D. Edwards, E. Schaible, T. Weigand, B. Stratmann, and T. Wells. (*See* Doc. 1, Complaint, pp. 3-4). In his amended complaint, plaintiff alleges that on October 13, 2011, defendants conducted an illegal search and seizure of an apartment building and a garage. (*See* Doc. 2, 10). Without elaboration plaintiff alleges that the police entered the apartment of Hope Alexander and found drugs. (Doc. 10, p. 5). According to plaintiff, the police lied about finding drugs and stole money. *Id.* Plaintiff also alleges that the police searched "a van that did not belong to me or hope alexander." (Doc. 2, p. 5).

For relief, plaintiff seeks for monetary damages and for disciplinary action to be taken

3

against the officers involved.  (Doc. 2, p. 6; Doc. 10, p. 5).

Plaintiff's allegations are insufficient to state an actionable claim for damages under 42 U.S.C. § 1983 against the named defendants.

First, plaintiff's allegations fail to state a viable claim for damages relief under § 1983 because a ruling in his favor would necessarily cast doubt on the validity of his state conviction and sentence.  *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Cummings v. City of Akron*, 418 F.3d 676, 682-83 (6th Cir. 2005); *Schilling v. White*, 58 F.3d 1081, 1085-86 (6th Cir. 1995).

In *Heck*, the Supreme Court ruled that a § 1983 civil rights action seeking money damages on the basis of an allegedly unconstitutional conviction or sentence will not lie unless the plaintiff has already succeeded in having the conviction or sentence invalidated.  *Heck,* 512 U.S. at 486–87.  Under *Heck*, when a successful § 1983 civil rights action for damages would necessarily imply the invalidity of a plaintiff's conviction or sentence, the complaint must be dismissed unless the plaintiff demonstrates that the decision resulting in his confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254.  *Heck*, 512 U.S. at 486-87; *see also Edwards v. Balisok*, 520 U.S. 641, 643 (1997).  The same principle enunciated in *Heck* with respect to § 1983 claims also applies to conspiracy claims brought under 28 U.S.C. § 1985.  *See Lanier v. Bryant,* 332 F.3d 999, 1005-06 (6th Cir. 2003); *Mason v. Stacey,* No. 4:07cv43, 2009 WL 803107, at *7 (E.D. Tenn. Mar. 25, 2009) (and cases cited therein).

It appears clear from the face of the complaint that plaintiff's Ohio trafficking in heroin conviction and sentence still stand and have not been overturned or invalidated in accordance with *Heck*.  Because a successful challenge against state agents in effectuating plaintiff's arrest,

4

prosecution and criminal conviction in Ohio would necessarily imply the invalidity of plaintiff's guilty plea, underlying conviction and sentence, any claim by plaintiff for damages is barred by *Heck.  See Graves v. Mahoning County,* 534 F. App'x 399, 405 (6th Cir. 2013) ("In some cases, a Fourth Amendment violation invalidates a conviction where an unconstitutional search uncovered key evidence that must be suppressed."); *Jacob v. Township of West Bloomfield*, 531 F.3d 385, 388 (6th Cir. 2008) ("any Fourth Amendment claims arising out of searches occurring prior to Plaintiff's guilty plea and incarceration were precluded by *Heck*. . ., on the grounds that a civil suit holding that these searches were improper would undermine the basis of Petitioner's guilty plea and sentence"); *Gonzales v. City of Florida*, No. 3:13-cv-796, 2014 WL 99114, at *7 (N.D. Ohio Jan. 9, 2014) ("in cases such as this, a finding of a Fourth Amendment violation would invalidate Gonzales's convictions because the search of the residence uncovered the evidence that was used to obtain the convictions").

In any event, petitioner's conclusory allegations are insufficient to state a claim for relief under the Fourth Amendment.  Plaintiff asserts his claims largely as legal conclusions unsupported by sufficient factual content to enable the Court to conclude that the complaint states a plausible claim for relief under the Fourth Amendment.  Since plaintiff's complaint is composed entirely of either pure legal conclusions or "legal conclusion[s] couched as [ ] factual allegation[s]," *Twombly,* 550 U.S. at 555, the complaint fails to state a claim upon which relief may be granted.

Accordingly, in sum, the undersigned concludes that the plaintiff's amended complaint is subject to dismissal because his § 1983 claims are barred from review by the Supreme Court's *Heck* decision and, in any event, fail to state a claim upon which relief may be granted.

**IT IS THEREFORE ORDERED THAT:**

1.  Plaintiff's motion to lift the stay  (Doc. 13) is **GRANTED.**

**IT IS THEREFORE RECOMMENDED THAT:**

1.  Plaintiff's amended complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

2.  The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis.  See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

RONNIE O. SLOAN,                                  Case No. 1:12-cv-800
      Plaintiff,

                                      Weber, J.
      vs                                         Bowman, M.J.

CENTRAL VICE CONTROL
SECTION MID-LEVEL DRUG
UNIT, et al.,
      Defendants.


### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).